UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Akela Bishop,

    Defendant.

_____/

Case No. 22-51470
District Judge David M. Lawson
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION ON WRIT OF GARNISHMENT
(ECF No. 1) AND HEARING REQUEST (ECF No. 4)**

The United States of America applied to the Clerk of the United States District Court for the Eastern District of Michigan for a writ of continuing garnishment upon the judgment entered against Akela Bishop in the criminal case *United States v. Bishop*, Case No. 07-20251, for $64,000 jointly and separately with co-defendants. (ECF No. 1.) After partial credit received from co-defendants' contributions, Bishop owes a balance of $30,385.80. (*Id.*) Bishop requested a hearing over the garnishment. (ECF No. 4.) The stated reason for the request was "[b]ecause this is the first time hearing from the courts." (*Id.*) United States District Judge David M. Lawson referred the matter to the undersigned to conduct a

garnishment hearing. (ECF No. 5.) The hearing was to be conducted under the powers granted by 28 U.S.C. § 636(b)(3). (*Id.*)

The undersigned scheduled a hearing on the writ of garnishment for November 16, 2022. (ECF No. 6.) On October 31, 2022, the Court mailed a notice of hearing to Bishop's address on file. (*Id.*) Bishop failed to appear at the scheduled hearing. At the time of the hearing, the undersigned unsuccessfully attempted to contact Bishop at the number she previously provided in her request.

The United States has the authority to issue a writ of garnishment to collect judgment debt under 28 U.S.C. § 3205. The writ is subject to certain restrictions including time limits, exemptions for certain property, and limits to no more than 25% of disposable income as set out in 18 U.S.C. § 3613 and 15 U.S.C. § 1673. A judgment debtor subjected to a writ of garnishment may only raise three issues in the garnishment hearing: 1) the validity of any exemption; 2) the government's compliance with the statutory provisions governing garnishment; and 3) for default judgments only, the validity of the claim or the existence of good cause to set the judgment aside. 28 U.S.C. § 3202(d). The third issue is not applicable because Bishop entered a guilty plea and was ordered to pay restitution as part of the plea deal. Plea Agreement, *United States v. Bishop*, No. 07-20251 (E.D. Mich. Dec. 6, 2007), ECF No. 16 at PageID.30–31; Judgment, *Id.*, No. 07-20251, ECF No. 12.

Further, a judgment debtor may dispute the validity of the government's claim. 28 U.S.C. § 3202(b).

Bishop did not raise either of the two applicable issues allowed by 28 U.S.C. § 3202(d) in the filed request for hearing and failed to appear at the hearing. Bishop has made no claims for exemptions or for their validity. Likewise, Bishop has not challenged the government's compliance with the statutory provisions. After reviewing the record and the issued writ, the government appears to have complied with the requirements. The writ contains the required notice and limits the garnishment to 25% of Bishop's non-exempt disposable earnings. *See* 28 U.S.C. § 3202(b) (notice requirement); 15 U.S.C. § 1673 (25% of disposable earnings limit on garnishment); 18 U.S.C. 3613(a)(3) (applying § 1673 to the government's enforcement of judgment). Finally, Bishop has not challenged the validity of the government's claim.

For the preceding reasons, the undersigned **RECOMMENDS** Bishop's requested relief be **DENIED** and that the government be allowed to continue enforcing the judgment through a writ of continuing garnishment.

s/**Jonathan J.C. Grey**  
Jonathan J.C. Grey  
United States Magistrate Judge

Dated: March 7, 2022

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2022.

<u>s/ **J. Owens**</u>
Julie Owens
Case Manager
